UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
MICHAEL BOWERS,

     Petitioner,

  -against-

BRANDON SMITH,

     Respondent.
---------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

19-cv-5683 (BMC)

**COGAN**, District Judge.

On October 7, 2019, *pro se* petitioner, Michael Bowers, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2018 Kings County conviction. Plaintiff paid the filing fee to start this action. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), the Court has conducted an initial review of the petition and, for the reasons set forth below, determines that the petition is deficient in two regards: first, the petition appears to be premature and second, Petitioner does not allege any basis for the relief he seeks. Accordingly, within twenty (20) days of the date of this Order, Petitioner is directed to (1) submit an affirmation explaining why the Court should not dismiss the petition as premature, and (2) if ripe for this Court's review, he must file an amended petition clearly setting forth the alleged constitutional error that occurred during the state court proceedings.

## BACKGROUND

Petitioner pleaded guilty to attempted criminal possession of a weapon in the second degree[1] on April 11, 2018 and was sentenced to a five-year prison term. Pet. at 1. He states that

---

[1] According to the New York State Department of Corrections and Community Supervision ("DOCCS") inmate lookup information, Defendant was convicted of attempted criminal possession of a weapon in the second degree.

he has not appealed the conviction. Rather, he submitted the appeal but was "told the appeal was incomplete[;] no further instructions [were] provided by the court." Pet. at 4.

## DISCUSSION

**A. The Petition is Premature**

Before a federal court may entertain a habeas corpus petition on behalf of a state prisoner, the petitioner must first exhaust her or his available state remedies. See 28 U.S.C. § 2254(b) and (c); Woodford v. Ngo, 548 U.S. 81 (2006) (explaining that "[a] state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one complete round of the State's established appellate review process")(citation and internal quotation marks omitted); Jimenez v. Walker, 458 F.3d 130, 48-49 (2d Cir. 2006); Jones v. Vacco, 126 F.3d 408, 413 (2d Cir. 1997). Premised on the principles of comity, the exhaustion doctrine assures the "respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions," Daye v. Attorney General of New York, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), and "increas[es] the likelihood that the factual allegations necessary to a resolution of the claim will have been fully developed in state court, making federal habeas review more expeditious." Id. Although both federal and state courts are charged with securing a state criminal defendant's federal rights, the state courts must be given the opportunity to consider and correct any violations of federal law. *Jones*, 126 F.3d at 413.

Here, Petitioner has not exhausted his state court remedies. Accordingly, the instant

---

See New York State DOCCS "Inmate Lookup" http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000 (last visited October 9, 2019). The Court may take judicial notice of Defendant's DOCCS inmate lookup information. See Johnson v. City of New York, No. 15-CV-8195, 2017 WL2312924, at*2 n.3 (S.D.N.Y. May 26, 2017) (collecting cases).

petition is premature and is dismissed without prejudice. *See* 28 U.S.C. § 2254 (b)(1)(A), (c); Henry v. Davis, No. 10–CV–5172, 2011 WL 319935, at *1 (E.D.N.Y. Jan. 26, 2011) (citing Haynes v. Fiorella, No. 10–CV–0843, 2010 WL 4365832, at * 1 (W.D.N.Y. Nov.3, 2010) (dismissing without prejudice petitioner's § 2254 petition where there was no indication that petitioner had been convicted or had exhausted her state court remedies) and Williams v. Horn, No. 06–CV–3068, 2006 WL 2333874, at *1 (E.D.N.Y. Aug.9, 2006) ("[B]ecause the criminal proceedings are ongoing, there has been no judgment or adjudication on the merits of petitioner's claims and therefore, this § 2254 petition is premature.")); see also, Holmes v. DeMarco, No. 13-CV-401, 2013 WL 2154882, at *1-2 (E.D.N.Y. May 14, 2013).

**B. Grounds for Relief**

A federal court may entertain a petition for a writ of habeas corpus by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A habeas petitioner in state custody "must specify all the grounds for relief which are available to the petitioner" and "state the facts supporting each of the alleged grounds for relief." Section 2254 Rule 2(c). However, "due to the *pro se* petitioner's general lack of expertise, courts should review habeas petitions with a lenient eye, allowing borderline cases to proceed." Williams v. Kullman, 722 F.2d 1048, 1050 (2d Cir. 1983); see also Haines v. Kerner, 404 U.S. 519, 520–21 (1972) (per curiam) (holding that *pro se* complaints must be liberally construed and their allegations accepted as true).

Here, even reviewing the petition with a "lenient eye," Williams, 722 F.2d at 1050, Petitioner has stated no facts to explain how his custody violates the Constitution, laws, or treaties of the United States. The submission posits an argument about a "discharged criminal

debt using the Internal Revenue Service" but does not allege any basis on which he is being held in violation of the Constitution, laws or treaties of the United States. There is no indication in his petition or records of which the Court may take notice that indicates Petitioner's offense was related to the payment of a tax or debt; his petition and his state prison record mention only weapons possession charges.

Ordinarily, a petition that fails to provide any basis for release from custody will be dismissed. See Cuadra v. Sullivan, 837 F.2d 56, 58 (2d Cir. 1988) ("[W]e have ruled that summary dismissal of a habeas petition prior to requiring a response is appropriate only where the petition indicates 'that petitioner can prove no set of facts to support a claim entitling him to relief.'" (quoting Williams, 722 F.2d at 1050 (2d Cir. 1983))). However, *if his petition is not premature,* given Petitioner's *pro se* status, he is afforded twenty (20) days from the date of this Memorandum Decision and Order to file an amended petition that "point[s] to a real possibility of constitutional error" in his incarceration. Id. at 59 (citation and internal quotation marks omitted).

## CONCLUSION

Petitioner is hereby directed to show cause by written affirmation, within twenty (20) days of this Memorandum Decision and Order, why the petition should not be dismissed as premature. If Petitioner fails to comply with this Order within the time allowed, the petition shall be dismissed without prejudice. If filed within twenty days, petitioner's affirmation shall be reviewed pursuant to Rule 4 of the Habeas Rules and 28 U.S.C. § 2244(d).

Petitioner is also directed to file an amended petition that sets forth the ground(s) for his habeas petition within twenty (20) days of this Order. Respondent need not answer or respond at

this time, and all further proceedings shall be stayed for twenty (20) days or until Petitioner has complied with this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S.438, 444-45 (1962. The Clerk of Court is directed to send to Petitioner a form "Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody."

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       October 15, 2019

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
MICHAEL BOWERS,                            :
                                           :
                    Petitioner,            :   **AFFIRMATION**
                                           :
        -against-                          :   19-cv-5683 (BMC)
                                           :
BRANDON SMITH,                             :
                                           :
                    Respondent.            :
----------------------------------------------------------- X
```

COGAN, United States District Judge:

I, Michael Bowers, make the following affirmation under the penalties of perjury:

1. I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's Memorandum Decision and Order dated October 15, 2019. The instant petition should not be dismissed as premature because

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____  [YOU MAY ATTACH ADDITIONAL

PAGES, IF NECESSARY]

2. In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

Dated: _____
Signature
_____
Address
_____
City, State & ZIP